```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

MONA L. GANT,                )
                             )
        Plaintiff,            )
                             )
        v.                    )   NO.  3:05-1005
                             )   Judge Campbell/Brown
GENCO DISTRIBUTION,          )   **Jury Demand**
                             )
        Defendant.            )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

**I.   INTRODUCTION**

The defendant in this matter has filed a motion to dismiss for lack of personal service, insufficient service of process, and insufficient process (Docket Entry No. 15). The matter has been briefed (Docket Entry Nos. 15 and 18).[1] After considering the matter, the Magistrate Judge is of the opinion that the motion should be **denied** and that the plaintiff should be allowed 10 days from the date of the approval of this Report and Recommendation, if it is approved, to effect formal service of process on the defendant by serving a copy of the second amended complaint (Docket Entry No. 7) on the defendant, along with an appropriate summons.

---

[1] It should be noted that the defendant's motion to dismiss for lack of jurisdiction is not technically in order because it is not accompanied by a separate memorandum, as required by the Local Rules. Rather, the motion and memorandum are combined into one filing.

## II. BACKGROUND

The plaintiff, acting pro se, filed her complaint under Title VII of the Civil Rights Act on November 23, 2005 (Docket Entry No. 1). The docket sheet reflects that the plaintiff was given summonses by the Clerk's Office. The matter was subsequently referred to the undersigned for the entry of a scheduling order, decision of all pretrial non-dispositive motions, and a Report and Recommendation on any dispositive motion (Docket Entry No. 2).

The Magistrate Judge, upon receiving this referral, entered an order (Docket Entry No. 3) reminding the plaintiff that she was required to obtain service of process on the defendant within 120 days of November 23, 2005, and that failure to obtain service of process within the 120 days could result in dismissal of her case for failure to prosecute. The Magistrate Judge also pointed out that the plaintiff had not requested a jury trial and if she intended to do so she should make such a request within 30 days of November 23, 2005. The order further provided that as soon as the defendant was served and a response file, a scheduling order, including a target trial date would be entered.

The plaintiff, apparently in response to this order, did file an amended complaint (Docket Entry No. 4) on December 15, 2005, in which she indicated she wished to have a jury decide her case.

The Magistrate Judge subsequently reviewed the file again on February 6, 2006, and upon noting that service of process

2

apparently had not been obtained, again warned the plaintiff that unless she obtained service of process within 120 days from November 23, 2005, the Magistrate Judge would recommend the case be dismissed for failure to prosecute. The plaintiff then secured the services of Mr. Jim Harris as her attorney, and Mr. Harris filed a second amended complaint on February 14, 2006 (Docket Entry No. 7).

On March 1, 2006, the law firm of Baker, Donelson, Bearman, Caldwell, and Berkowitz filed a notice of appearance, stating "The undersigned counsel and law firm hereby enter their notice of appearance on behalf of defendant Genco I, Inc., d/b/a Genco Distribution." This notice of appearance was not in any way limited.

An initial case management conference was set in this matter for March 22, 2006, following this appearance (Docket Entry No. 10). The case management conference was continued initially at the request of the plaintiff (Docket Entry No. 11), and then at the request of the defendant (Docket Entry No. 13). The defendant filed their motion to dismiss for lack of jurisdiction on April 3, 2006 (Docket Entry No. 15), and for the first time indicated that they were making a limited appearance.

The initial case management conference was continued to May 4, 2006, due to the illness of Mr. Harris, and with the agreement of the defendant.

The initial case management conference was held on May 4, 2006, and a case management order entered.

3

### III. LEGAL DISCUSSION

The defendant has pointed out in their motion that plaintiff had until March 23, 2006, in which to serve the defendant with legal process. They also point out that the plaintiff was warned by the Court that the complaint needed to be served within 120 days. They point out that the plaintiff did mail the original complaint, the second complaint, and the second amended complaint by certified mail, return receipt, to their registered agent, Tony Newman, on February 15, 2006 (Docket Entry No. 16, Exhibit A). Exhibit A is a certified letter from Mr. Harris to Mr. Newman, as follows:

> Please find enclosed my client's original Complaint, Second Complaint and Second Amended Complaint. All documents have been filed with the United States District Court in Nashville, Tennessee. Upon receipt, GENCO I, Inc. has 20 days to file a response. If you have any questions, please call.

It appears that the plaintiff admits that a summons was not included with this letter.

The defendant claims that because of this failure to include a summons and return proof of service to the Court within the 120 days, the case should be dismissed with prejudice, citing <u>Leisure v. Ohio</u>, 12 Fed. Appx. 320, 321 (6th Cir. 2001), an unpublished opinion attached as Exhibit B to their motion. This case does hold that the fact that a copy of a complaint was mailed to the defendant cannot substitute for proper service of process, and that actual knowledge of a lawsuit will not cure defective

4

service.  Likewise, they additionally cite as Exhibit C, the case of Nwokocha v. Perry, 67 Fed. Appx. 912, 914 (6th Cir. 2003), another unpublished opinion, which dismissed plaintiff's claim with prejudice for failure to complete service of process because the plaintiff did not include a summons when he served copies of his complaint.  Both of these cases do hold that the District Court did not abuse its discretion in dismissing the cases.

Rule 4(m) does provide that upon failure to obtain service of process within 120 days the case can be dismissed without prejudice.  However, the commentary to Rule 4(m), as the plaintiff points out, provides that a District Court can extend, even in the absence of good cause, time to effect service of process under certain circumstances.  In the case of Vergis v. Grand Victoria Casno & Resort, 199 F.R.D. 216 (S.D. Ohio 2000), the District Court was faced with circumstances very similar to this case.  The plaintiff in that case admitted that he had not obtained service of process within 120 days and did not argue that he had good cause for his failure to effect timely service.  He contended, however, that the advisory committee notes to the 1993 amendments to Rule 4 showed that the District Court had discretion to grant an extension of time within which to effect service of process even in the absence of good cause, particularly where as in his case the refiled action would be barred by the statute of limitations.  He also argued that the defendant, Grand Victoria, had waived service of process when its attorney received a copy of the complaint at a

5

meeting in an unrelated case. The District Court discusses at some length the Sixth Circuit cases (mostly unreported), which do have a rather strict interpretation of Rule 4(m). However, the District Judge notes that many of these cases were decided before the 1993 amendment and the promulgation of the new advisory committee note. It also appears that the Sixth Circuit decisions issued subsequent to the 1993 amendments have not addressed whether the advisory committee note expands the court's ability to grant an extension to effect service. The Judge also notes that the United States Supreme Court in dicta has indicated that the new rule does allow a District Court to grant an extension of time even absent good cause. Henderson v. United States, 517 U.S. 654, 662-663 (1996).

The District Judge goes on to point out that where the dismissal, even without prejudice, would in fact be the end of the case because the statute of limitations has now run, that the District Judge does have discretion to grant an extension to effect service of process, even without good cause being shown.

This ability of the District Judge to extend the service deadline, even without good cause being shown, has been discussed in other cases. In Lopez v. Donaldson, 292 B.R. 570 (E.D. Mich. 2003), the judge remanded the case to the bankruptcy judge for a consideration of the totality of circumstances in the case to see whether an extension was appropriate. In Wise v. Department of Defense, et al., 196 F.R.D. 52 (S.D. Ohio 1999), the District Court extended the time to effect service of process, despite the fact

6

that the plaintiff did not show good cause for extending such time.

The <u>Wise</u> court set forth circumstances warranting the exercise of discretion to allow belated service. The circumstances are very similar to those found in this case, where the failure to allow an extension would time-bar the plaintiff's case, the conduct was not wilful, and the defendant was not prejudiced.

The Magistrate Judge believes that in this case the Court should exercise its discretion to allow the plaintiff an opportunity to effect service of process within 10 days of the approval of this Report and Recommendation. In this case, within the original 120 days the plaintiff, who had been acting <u>pro se</u>, did secure the services of an attorney, Mr. Harris, and Mr. Harris promptly mailed copies of all the pleadings to the defendant's registered agent and advised that they had 20 days to respond. Plaintiff's counsel erred in not including a copy of the summons which had originally been issued to his client or in requesting a new summons from the Clerk, in the event the old summons was no longer available. A summons must be included to effect valid service.

However, following this mailing to the defendant's agent, the defendant had attorneys who made an appearance within the 120 days. In their appearance, there was no indication of any objection to service of process or to the fact that a summons had not been issued. The parties jointly agreed to various extensions of the initial case management order and it was only after the 120

7

days had run that the defendant then indicated their appearance was limited and filed their motion to dismiss. It is possible that there was a bit of "sandbagging" in this sequence of events. Plaintiff's counsel could have concluded from the general appearance that there was no issue about the sufficiency of service. Concealing a defect in the attempted service has been held to warrant an extension of the service deadline. <u>Ditkoff v. Owens-Illinois, Inc.</u>, 114 F.R.D. 104, 105 (E. D. Mich. 1987).

Under these circumstances, the Magistrate Judge believes the Court should exercise its discretion and allow plaintiff time to effect service of process under the theories espoused in the <u>Vergis</u> and <u>Wise</u> decisions. It would also appear that this would be in keeping with the Supreme Court's dicta in the <u>Henderson</u> case.

While the plaintiff's counsel was perhaps negligent in not including a copy of the summons with the complaints, nevertheless, his error was certainly not wilful and he did send a copy of the complaint within the 120 days. He was certainly not put on notice that there was any complaint about the matter when the defendant responded by having an attorney enter an unqualified notice of appearance. It was only after the 120 days had lapsed that the defendant filed their notice of limited appearance and requested dismissal. Given the fact (1) that even dismissal without prejudice would nevertheless be the end of plaintiff's case, (2) that the plaintiff did make an effort to serve the complaint and (3) that no prejudice has been shown to the

defendant, the Magistrate Judge believes that it is appropriate for the Court to allow the plaintiff 10 days in which to effect formal service of process, since that is what the defendant demands. The Magistrate Judge would note that a scheduling order has now been entered in this case, and if service of process is properly effected within the 10 days suggested, the case will be able to proceed forward in an orderly fashion with the former pro se plaintiff represented by an attorney.

**IV.  RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that the motion to dismiss be **denied** and that the plaintiff be granted 10 days from the approval of this Report and Recommendation, in which to accomplish full and proper service on the defendant.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 5th day of May, 2006.

                                          /s/ Joe B. Brown
                                          JOE B. BROWN
                                          United States Magistrate Judge